UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID ISRAEL SANCHEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:11-CV-02084 |
| § | |
| JOHN KERRY, SECRETARY OF STATE, § | |
| § | |
| Defendant. § | |
| § | |

## **FINDINGS OF FACT AND CONCLUSION OF LAW**

This case was tried to the bench in June 2014. The plaintiff, David Israel Sanchez, sought a declaratory judgment that he was a United States citizen by birth in the United States. He sought to compel the defendant, the Secretary of State, to issue him a passport based on his citizenship. The defendant asserted that Sanchez had been born in Mexico and had not met his burden of proving birth in the United States. The only issue is whether, under 8 U.S.C. § 1503(a), the plaintiff has met his burden of proof of showing by a preponderance of the evidence that he is a United States citizen by birth in the United States. There is no issue of naturalization, and no issue of derivative citizenship.[1] The court finds and concludes that David Israel Sanchez has not met his burden of proving by a preponderance of the evidence that he was born in the United States.[2] The following findings and conclusions are entered.

### **Findings of Fact**

---

[1] Although the plaintiff withdrew any claim of derivative citizenship, the court also finds that Mrs. Elizabeth Sanchez, the plaintiff's mother, was not born in the United States, and that the plaintiff would not be entitled to derivative citizenship through her.

[2] Any fact findings that are conclusions of law are entered as such, and any conclusions of law that are fact findings are entered as such.

1

The Mexican birth certificate issued on October 21, 1987 recording the birth of a male child named Israel Sanchez Reyes is the plaintiff's birth certificate. The plaintiff asserted that the United States birth certificate issued on April 19, 1988 for a birth on March 14, 1988 of a male child named David Israel Sanchez is the valid and only certificate of his birth. This court finds and concludes that the United States birth certificate is not a valid birth certificate for the plaintiff. The invalid American birth certificate provides no support for the plaintiff's assertion that he was a United States citizen by virtue of having been born in 1988 in Brownsville, Texas, as opposed to having been born in 1987 in Matamoros, Tamaulipas, Mexico, as shown by the valid Mexican birth certificate. The evidence as to the Texas birth certificate is simply not credible in relation to the evidence as to the Mexican birth certificate.

The testimony of Javier Cavazos amply demonstrated that the Mexican birth certificate -- particularly when viewed in relationship to the marriage certificate of David Israel Sanchez's parents -- was a birth certificate of the son born to Elizabeth Sanchez and Marcelino Sanchez in 1987 in Matamoros, Tamaulipas, Mexico. The number linking the two documents clearly shows that the parents designated on the birth certificate are the same people whose marriage is recorded in the marriage certificate. In addition, as Javier Cavazos explained. -- and as evidenced in the document itself (based on the child's fingerprint) -- this child must have been physically present at the Civil Registry in Matamoros, Tamaulipas, Mexico, in order to be registered. The Mexican birth record also contains the correct names, ages and address of David Israel Sanchez's parents; the correct names and addresses for his grandparents; and the correct names, addresses and ages for his aunt (Guadalupe Reyes Brito) and great-grandmother (Soledad Reyes Roman). It was undisputed that Soledad Reyes Roman could not read or write and, therefore, as Javier Cavazos explained, her fingerprint was placed on the Mexican birth record in

2

lieu of a signature. Additionally, neither the plaintiff's aunt or great-grandmother was mentioned on his parents' marriage certificate, but accurate information identifying them (and evidencing Soledad Reyes Roman's inability to read and write) is on this Mexican birth record. There is no basis to find this document to be a fake, forgery, or otherwise untrustworthy or improperly created. David Israel Sanchez presented no credible evidence to explain the existence of the Mexican birth certificate or to cast its validity into doubt, or to show that it recorded another person's birth.

The handwriting testimony was at best of marginal assistance to the court. But it did point out to the court the areas of comparison that are useful to examine. The court has examined them, and based on what it has personally observed, finds -- as the case law permits -- that it is clear that the handwriting of the people who signed the Mexican marriage certificate is the same as that of the people who signed the birth record in Mexico of Israel Sanchez Reyes. Based on comparisons with other known samples of the handwriting of those individuals, those signatures are those individuals' signatures. All the other information -- the names of family members, occupations, and other similar details -- clearly supports finding that the Mexican birth record is a valid birth record of a male child named Israel Sanchez Reyes, born in Mexico in 1987, and that the child is the plaintiff in this case.

Elizabeth Sanchez gave testimony that in many ways called her credibility into question. One area in which she was credible is that David Israel Sanchez or Israel Sanchez Reyes --- and the court finds that these names refer to the same person, the plaintiff --- was her firstborn child and firstborn son. There was no earlier child, and there is no evidence that she had any children before the plaintiff was born. But her testimony that she gave birth to the plaintiff in Brownsville in 1988 is not credible.

Marcelino Sanchez, David Israel Sanchez's father, and other individuals also testified, based on personal knowledge, that David Israel Sanchez was born in Brownsville, Texas, as opposed to Matamoros, Tamaulipas, Mexico. This testimony was not credible. The plaintiff's parents and the other individuals have a strong incentive to place the location of his birth in this country as opposed to in Mexico. Moreover, there are indications, as the government pointed out, that some of the details offered about Mrs. Sanchez's delivery of her child in the midwife's house may well have occurred as described, but that baby was not David Israel Sanchez. Instead, it was Mr. Sanchez's younger sister. This explanation – offered by Ms. Leticia Flores, who had no incentive to place Mr. Sanchez's birth in the United States or Mexico – is far more plausible than the testimony provided by witnesses who have an interest in the outcome of this case.

The other documentary evidence the plaintiff submitted is insufficient to meet the plaintiff's burden. The secondary evidence that he offered is too uncertain in both authenticity and evidentiary trustworthiness to displace the evidentiary effect of the valid Mexican birth record. The school records do not show anything with respect to place and date of birth other than the information supplied by Elizabeth Sanchez, who was involved in generating the false American birth record. The most credible explanation of the existence of the U.S. birth certificate is that it was procured for Elizabeth Sanchez at her request, and that it was fraudulent.

The medical records dated in and around 1988 purporting to relate to care provided a baby named David Israel Sanchez are full of unexplained discrepancies. Their existence does not displace the evidentiary weight properly given to the Mexican birth and marriage records.

These records do not support the plaintiff's claim to have been born in Brownsville, Texas in 1988 as opposed to Matamoros, Mexico in 1987.

The Texas administrative agency's finding that the American birth certificate was sufficiently reliable to be credited in lieu of a foreign birth record is not entitled to evidentiary weight, much less preclusive effect. Questions regarding passport eligibility and issuance, as well as United States citizenship, are exclusively within the authority of the federal government. They are not within the purview of the state administrative agencies or any other part of the state government. The issues and legal standards in this case are different than the issues and standards before the state agency, and the evidence this court heard is far more extensive than was presented at the state agency proceeding. The Secretary had no notice of, or opportunity to be heard in, the Texas proceeding. There is no basis in the record to give evidentiary weight to the Texas administrative agency finding.

Having considered all of the testimony, having considered the evidence that was admitted into the record, and having even considered evidence that may well be inadmissible, the court finds that the plaintiff, David Israel Sanchez, has not met his burden of proving by a preponderance of the evidence that he was born in this country, is a citizen by birth, and is entitled to a United States passport.

**Conclusions of Law**

Title 8 U.S.C. § 1503(a) allows any person who has been denied a right or privilege on the basis of non-nationality to file a declaratory judgment action for a *de novo* determination of his or her citizenship. *See Vance v. Terrazas*, 444 U.S. 252, 256 (1980).

There are "two sources of citizenship, and two only: birth and naturalization." *Miller v. Albright*, 523 U.S. 420, 423-34 (1998) (quoting *United States v. Wong Kim Ark*, 169 U.S. 649,

702 (1898)). Here, as only citizenship based on being born in the United States is being alleged, the plaintiff has the burden of proving, by a preponderance of the evidence, that he was born in the United States. *See Bustamante-Barrera*, 447 F.3d 388, 394 (5th Cir. 2006); *Reyes v. Neely*, 264 F.2d 673, 674-75 (5th Cir. 1959); *Tijerina v. Brownell*, 141 F. Supp. 266, 270 (S.D. Tex. 1956); *Patel v. Rice,* 403 F. Supp. 2d 560, 562 (N.D. Tex. 2005).

Proving a fact by a preponderance of the evidence means showing that the existence of said fact is more likely than not. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983); *Matter of Briscoe Enterprises, Ltd. II*, 994 F.2d 1160, 1164 (5th Cir. 1993).

There is no burden shifting analysis in this proceeding – that is, the burden does not shift to the government to either produce evidence demonstrating that the plaintiff was born outside the United States or discrediting all of the plaintiff's evidence after he has demonstrated *prima facie* eligibility that he is a United States citizen. *See Patel*, 403 F. Supp. 2d at 562; *Pena-Sanchez v. Clinton*, No. 11-cv-00125, Order, ECF No. 34, at 2 (S.D. Texas March 28, 2013).

The court must resolve all doubts regarding citizenship "in favor of the United States" and against those seeking citizenship. *See Bustamante-Barrera*, 447 F.3d at 395, citing *Berenyi v. District Director*, 385 U.S. 630, 637 (1967). The court may not grant citizenship out of equity or in the interests of justice; rather, a person is a United States citizen only by the manners and means prescribed by Congress. *See INS v. Pangilinan*, 486 U.S. 875, 883-84 (1988); *Pena-Sanchez*, *supra*, at 3. Even a sincere belief of being born in the United States does not make one a citizen." *Beltran v. Rivera*, No. 10-24288, ECF No. 48 at 8 (S.D. Fla. July 6, 2012).

A birth record that is contemporaneously filed with birth is generally considered to be "almost conclusive evidence of birth." *See Liacakos v. Kennedy*, 195 F. Supp. 630, 631 (D. D.C. 1961). A contemporaneously filed foreign birth record creates a presumption of alienage and is

6

almost conclusive evidence of birth in that country. *See Rivera v. Albright*, 99-C-328, 2000 WL 1514075, at *3 (N.D. Ill. Oct. 11, 2000); *Garcia v. Clinton*, 2012 WL 6202196, at *2 (S.D. Tex. Dec. 12, 2012); *Pena-Sanchez*, *supra*, at 4-5 (giving more evidentiary weight to 1971 Mexican birth certificate rather than 1974 Texas birth certificate). Contemporaneous is defined as "[b]elonging to the same time or period; existing or occurring at the same time." *Oxford English Dictionary Online,* www.oed.com; *see also Merriam-Webster Dictionary Online*, www.merriam-webster.com (defining contemporaneous as "existing, occurring, or originating during the same time."); *Webster's New Collegiate Dictionary* 245 (1975) (defining contemporaneous as "existing, occurring, or originating during the same time."). In *Beltran*, *supra*, at 5, the court found that a Mexican birth record issued within eleven days of birth was contemporaneous and gave less evidentiary weight to a Texas birth certificate issued afterwards.

A decision by the Texas Department of Health regarding a person's place of birth does not have preclusive effect on the State Department or in federal court in passport proceedings. *See Garcia v. Kerry*, --- F.3d ---, 2014 WL 575906 (5th Cir. Feb. 14, 2014) (publication pending); *Sanchez v. Clinton*, No. 11-2084, 2012 WL 208565, at * 9 (S.D. Tex. Jan. 24, 2012); *De La Cruz*, *supra*, at *4.

An application for registration of a birth that occurred more than five days but less than one year before the application for registration is considered one type of Delayed Texas Birth Certificate. *See* Texas Health and Safety Code § 192.021(a). Although under Texas law a certified delayed birth record is prima facie evidence of the facts stated in that record, *see De La Cruz v. Clinton*, No. 11-675, 2012 WL 1941373, at *4 (W.D. Tex. May 29, 2012), such evidence is rebuttable. *See Garcia v. Clinton*, 2012 WL 6202196, at *2 (S.D. Tex. Dec. 12, 2012), citing, 22 C.F.R. § 51.42-51.44; *Pinto-Vidal v. Attorney General*, 680 F. Supp. 2d 861, 862 (S.D. Tex.

1987). This is because prima facie evidence only refers to "a minimum quantity," and constitutes enough evidence that raises either "a presumption of fact, or that, which is sufficient, when unrebutted, to establish the fact." *Id*.; *see also Marker v. Prudential Ins. Co. of America*, 273 F.2d 258, 264 (5th Cir. 1960); *Tindle v. Celebrezze*, 210 F. Supp. 912 (S.D. Cal. 1962). Courts have found that a delayed birth certifícate is either entitled to far less evidentiary weight than a contemporaneously filed birth certificate (*see Liacakos*, 195 F. Supp. at 631), or given no evidentiary weight. *See Patel*, 403 F. Supp. 2d at 564. Little, if any, dispositive weight is given to a delayed Texas birth record, particularly when other evidence indicates foreign birth or when the alien can only provide self-serving attestations of U.S. birth. *See De Vargas v. Brownell*, 251 F.2d 869, 871-72 (5th Cir. 1958); *Reyes*, 264 F.2d at 674; *Escalante v. Clinton*, 386 Fed. Appx. 493 (5th Cir. 2010).

A court can consider testimonial evidence in a section 1503 proceeding, but testimony of an interested witness is entitled to less evidentiary weight *See*, *e.g.*, *Patel*, 403 F. Supp. 2d at 565-66; *Ng Kwock Gee v. Dulles*, 221 F.2d 942, 943-44 (9th Cir. 1955). But the court gives less evidentiary weight to testimony by an interested witness. *See De Vargas*, 251 F.2d at 872; *Patel*, 403 F. Supp. 2d at 565-66. The testimony of Elizabeth Sanchez, Marcelino Sanchez, and others that the plaintiff was born in 1988 in Brownsville, Texas was not credible.

A Mexican birth certificate is self-authenticating if it is filed with a certificate of authenticity known as an "Apostile" certificate. The Apostile certificate certifies "the authenticity of the signature, the capacity in which the person signing the document has acted and, where appropriate, the identity of the seal or stamp which it bears." 1961 Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents, art. 3, Oct. 5, 1961, 33 U.S.T. 883, 527 U.N.T.S. 189. ('Hague Convention'). *See also* Fed. R. Civ. P. 44(a)(2); Fed.

R. Evid. 902(3); *United States v. Vidrio-Osuna*, 2006 WL 1765764 at *1 (9th Cir. 2006). Mexico and the United States are both parties to the Hague Convention. *See* Hague Conference on Private International Law, Convention Abolishing the Requirement of Legalization for Foreign Public Documents (Updated List of Contracting States), available at http://hcch.e-vision.nl/index_en. php?act=conventions.status&cid=41 (last modified Aug. 26, 2010)."

The fact-finder can make its own handwriting analysis and find that a signature on a document is genuine. *See U.S. v. Ismoila*, 100 F.3d 380, 387-88 (5th Cir. 1996); *see also Price v. Cockrel*, 2001 WL 1631503, at *2 (N.D. Tex. Dec. 17, 2001). Within this context, the fact-finder is entitled to draw its own conclusions as the genuineness of the signatures by making a comparison with an authentic signature. *See U.S. v. Jenkins,* 785 F.2d 1387, 1395 (9th Cir. 1986); *U.S. v. Cashio,* 420 F.2d 1132, 1135 (5th Cir.1969); Fed. R. Evid. 901(b)(3). A person's signature on a government document can serve as a template to determine authenticity. *See Ismoila*, 100 F.3d at 388.

The evidence as to the Mexican birth certificate recording the birth of Israel Reyes Sanchez in 1987 in Matamoros, Mexico leads this court to conclude that this is a valid birth record of the plaintiff, and the only valid birth certificate for the plaintiff.

This court concludes that David Israel Sanchez has not met his burden of proof. The record fails to show that he was born in this country. He is not a citizen by birth. On the basis of the record before this court, he is therefore not entitled on the basis of this record to a United States passport.

Final judgment is issued in favor of the United States, by separate order.

SIGNED on June 27, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge